Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 200921-151750
DATE: August 31, 2021

REMANDED

Entitlement to service connection for lumbar spine injury/raptured disc is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Air Force from August 1966 to September 1970.

The Board notes that the VA determination on appeal was issued in January 2020. In September 2020 the Veteran attempted to file a Notice of Disagreement by filing a VA Form 21-0958. In September 2020, the AOJ advised the Veteran that he needed to submit a different form. In October 2020, the Veteran tried to submit Form 10182. The Board requested some additional information in January 2021 and advised the Veteran he had another 60 days to submit the completed form. In March 2021, the Veteran timely appealed this AMA (Appeals Modernization Act) rating decision to the Board and requested the evidence submission docket. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). As such, the Board may only consider the evidence of record prior to the expiration of the 90-day evidence submission period following the date of the election. 

1. Service connection for lumbar spine injury/raptured disc.

The Veteran contends that his back disability developed during active service. See October 2019 Correspondence Letter. The Board notes that the Veteran's military occupation specialty was a flight control technician/avionics technician. The Veteran asserts that he was required to manually open and close the avionics bay of a F-102 Delta Dagger Fighter as part of his training and work in active service. The Veteran stated this door weighed approximately 150 pounds and that his neck was at an extreme angle when lifting the door, causing a large amount of stress on his cervical spine. See October 2019 Correspondence Letter.

Additionally, the Veteran indicates that since his honorable discharge from active service in 1972, his employment has consisted of work in the railroad industry and as a classroom instructor. The Veteran asserts that he has not been exposed to any heavy lifting since active service. See October 2019 Correspondence Letter. 

VA treatment records indicate that the Veteran has consistently noted instances of experiencing chronic lower back pain, progressing getting worse, over the last several years. In October 2018, VA treatment records note a diagnosis of lumbar spinal stenosis and in April 2019, the Veteran was diagnosed with lumbar spondylosis. In July 2015, VA treatment records indicate that the Veteran stated he has had chronic low back pain for years and "was experiencing sharp stabbing severe pain that is intermittent, rated a 10 when it peaks." See July 2015 VA treatment records. 

In sum, the Board notes that prior to the January 2020 rating decision on appeal, there was evidence of a low back disability, chronic low back pain that had been progressively getting worse, and credible lay statements made by the Veteran of experiencing back pain during active service. The Board finds a pre-decisional error in not obtaining a medical opinion and examination on the etiology of any diagnosed back disability. 

Additionally, VA outpatient treatment records refer to a private neurosurgeon at Nebraska Spine Center and treatment at Vitality Clinic and chiropractor visits with a non-VA provider. Records from these facilities have not been requested.

The matter is REMANDED for the following action:

1. Ask the Veteran to complete a VA Form 21-4142 for Nebraska Spine Center, Vitality Clinic and private chiropractor. Make two requests for the authorized records from each facility, unless it is clear after the first request that a second request would be futile.

2. Schedule the Veteran for a VA examination to determine the current nature and severity of any low back disability. The examiner must review the Veteran's claims file, including this remand, and explain the complete rationale for all opinions expressed and conclusions reached. All manifestations related to the Veteran's low back disability must be addressed.

The VA examiner should offer the following opinion:

Is it at least as likely as not (50 percent or greater probability) that the low back disability is related to an in-service injury, event, or illness.

In so doing, the appropriate examiner must specifically comment on the Veteran's October 2019 Correspondence Letter (dated October 16, 2019) and discuss the Veteran's assertions that: 

(a) He began experiencing low back pain during service from opening and closing an avionics bay of a F-102 Delta Dagger Fighter; and

(b) He has not done any heavy lifting since his honorable discharge from active service, noting the Veteran's employment in the railroad industry and in the classroom.

A thorough rationale should be provided for all opinions expressed. If any requested medical opinion cannot be given, the examiner should state the reason(s) why.

 

 

H. SEESEL

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. Dourmashkin

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.